[Cite as *State v. Rose*, 2026-Ohio-340.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

STATE OF OHIO

    Appellee

v.

RAVEN NICHOLE ROSE

    Appellant

C.A. No.     31267

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE No.    CR-2023-12-4112-A

DECISION AND JOURNAL ENTRY

Dated: February 4, 2026

HENSAL, Judge.

{¶1} Raven Rose appeals her conviction for felonious assault from the Summit County Court of Common Pleas. For the following reasons, this Court affirms.

I.

{¶2} According to S.V.S., she went out with a friend and the friend's family one evening to a bar in an Akron neighborhood for dancing and karaoke. At the bar, S.V.S.'s friend spotted the father of her child with other women, including Ms. Rose, and began an argument with them. The argument escalated, but S.V.S. eventually helped escort her friend back to her car so she could go home.

{¶3} After her friend and the rest of the group left, S.V.S. considered going home too, but wanted to keep dancing. She started to return to the bar, but spotted Ms. Rose's group outside it so she diverted to a different bar. Nevertheless, she could hear Ms. Rose talking about her and trying to instigate a fight. According to S.V.S., as she started up the ramp to the other bar, a

bystander asked if she wanted help, which she accepted. The bystander attempted to stop Ms. Rose from following S.V.S. up the ramp, but a man pulled the bystander out of the way, allowing Ms. Rose to approach S.V.S. When S.V.S. declined to fight, Ms. Rose punched her in the face.

{¶4} According to Ms. Rose, she went up the ramp to the other bar because one of her cousins was inside and she needed to retrieve her so they could go home. As she went up the ramp, however, S.V.S. turned around and attacked her, starting the fight.

{¶5} The Grand Jury indicted Ms. Rose on one count of felonious assault. A jury found her guilty of the offense, and the trial court sentenced her to three years of community control. Ms. Rose has appealed, assigning as error that her conviction is against the manifest weight of the evidence.

II.

ASSIGNMENT OF ERROR

THE TRIAL COURT ERRED BY ENTERING A CONVICTION AGAINST APPELLANT ROSE. THE JURY'S GUILTY VERDICT WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.

{¶6} Ms. Rose argues that her felonious assault conviction is against the manifest weight of the evidence. When considering a challenge to the manifest weight of the evidence, this Court is required to consider the entire record, "weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." *State v. Otten*, 33 Ohio App.3d 339, 340 (9th Dist. 1986). "A reversal on this basis is reserved for the exceptional case in which the evidence weighs heavily against the conviction." *State v. Croghan*, 2019-Ohio-3970, ¶ 26 (9th Dist.).

{¶7} Ms. Rose argues that her conviction is against the manifest weight of the evidence because she acted in self-defense. Self-defense is an affirmative defense in Ohio. *State v. Messenger*, 2022-Ohio-4562, ¶ 24. "[A] defendant charged with an offense involving the use of force has the burden of producing legally sufficient evidence that [her] use of force was in self-defense." *Id*. at ¶ 25. Once a defendant satisfies her burden of production, the burden of persuasion shifts to the State "to prove beyond a reasonable doubt that the accused did not use force in self-defense." *State v. Brooks*, 2022-Ohio-2478, ¶ 6. The State's burden "is subject to a manifest-weight review on appeal . . . ." *Messenger* at ¶ 27.

{¶8} The elements of self-defense are:

(1) that the defendant was not at fault in creating the situation giving rise to the affray; (2) that the defendant had a bona fide belief that he [or she] was in imminent danger of death or great bodily harm and that his [or her] only means of escape from such danger was in the use of such force; and (3) that the defendant did not violate any duty to retreat or avoid the danger.

(Bracketed text in original.) *Id*. at ¶ 14, quoting *State v. Barnes*, 94 Ohio St.3d 21, 24 (2002). "To carry its burden of persuasion, the State need only disprove one of the foregoing elements beyond a reasonable doubt." *State v. Fleckenstein*, 2023-Ohio-4347, ¶ 24 (9th Dist.).

{¶9} Ms. Rose argues that the jury gave too much weight to S.V.S.'s testimony. She argues it was S.V.S.'s group who were the original troublemakers, causing the bouncers at that bar to remove S.V.S. and the rest of her group. She also argues that, if S.V.S. actually intended to go to the other bar, she would have proceeded all the way up the ramp and into the bar, instead of turning around to engage with her on the ramp. Ms. Rose notes that it was S.V.S.'s friend who started the argument and S.V.S. who had reason to continue to be angry on behalf of her friend. She further argues that the video revealed S.V.S.'s aggressive nature, showing S.V.S. charging at her after they were separated and repeatedly continuing the fight. According to Ms. Rose, although

she is bigger than S.V.S. and the video shows her landing more punches than S.V.S., S.V.S. grabbed her by the hair and she only used the force that was necessary to defend herself.

{¶10} The video that was submitted does not show anything from the time that Ms. Rose started up the ramp until after the fight began. The only evidence about who started the fight, therefore, was from the witnesses. The jury was "free to believe all, part, or none of the testimony of each witness." *Prince v. Jordan*, 2004-Ohio-7184, ¶ 35 (9th Dist.), citing *State v. Jackson*, 86 Ohio App.3d 29, 33 (4th Dist. 1993). It is within the province of the trier of fact to reconcile inconsistencies in testimony because the finder of fact is present to "view witnesses and observe their demeanor, gestures and voice inflections, and use these observations in weighing the credibility of the proffered testimony." *State v. Cook*, 2003-Ohio-727, ¶ 30 (9th Dist.), quoting *Giurbino v. Giurbino*, 89 Ohio App.3d 646, 659 (8th Dist. 1993). "A conviction is not against the manifest weight because the jury chose to credit the State's version of events." *State v. Peasley*, 2010-Ohio-4333, ¶ 18 (9th Dist.).

{¶11} S.V.S. explained that, although she could have continued into the bar, Ms. Rose was calling her, trying to get her to turn around. She stopped going up the ramp because she had seen Ms. Rose take off her shoes and was concerned about being ambushed from behind. She also explained that, once she was punched, it made her angry, so she continued fighting with Ms. Rose even though there would be moments of separation between them. Upon review of the record, we cannot say that the jury lost its way when it found Ms. Rose guilty of felonious assault and that a new trial is necessary to prevent a manifest miscarriage of justice. Ms. Rose's assignment of error is overruled.

III.

**{¶12}**  Ms. Rose's assignment of error is overruled.  The judgment of the Summit County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution.  A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run.  App.R. 22(C).  The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

———————————————

JENNIFER HENSAL
FOR THE COURT

CARR, J.
FLAGG LANZINGER, P. J.
CONCUR.

APPEARANCES:

DONALD K. POND, Attorney at Law, for Appellant.

ELLIOT KOLKOVICH, Prosecuting Attorney, and JAMIE L. MORRIS., Assistant Prosecuting Attorney, for Appellee.