[Cite as *State v. Freeman*, 2023-Ohio-3745.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BUTLER COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Appellee, | : | CASE NO. CA2023-04-048 |
| | : | O P I N I O N |
| - vs - | | 10/16/2023 |
| | : | |
| SHAWNTA L. FREEMAN, | : | |
| Appellant. | : | |

CRIMINAL APPEAL FROM BUTLER COUNTY AREA III COURT
Case No. CRB 2201022

Michael T. Gmoser, Butler County Prosecuting Attorney, and John Heinkel, Assistant Prosecuting Attorney, for appellee.

Jon R. Sinclair, for appellant.

**S. POWELL, P.J.**

{¶ 1} Appellant, Shawnta L. Freeman, appeals her conviction in the Butler County Area III Court after she was found guilty of one count of first-degree misdemeanor assault following a bench trial.[1] For the reasons outlined below, we affirm Freeman's conviction.

---

1. Pursuant to Loc.R. 6(A), we sua sponte remove this appeal from the accelerated calendar for purposes of issuing this opinion.

{¶ 2} On October 3, 2022, Freeman was charged with one count of first-degree misdemeanor assault in violation of R.C. 2903.13(A). Freeman pled not guilty and the matter proceeded to a one-day bench trial held on April 4, 2023. During trial, the trial court heard testimony from several witnesses. This included testimony from an independent eyewitness to the assault and from the victim of the assault. These two witnesses testified that Freeman struck the victim with a baseball bat, thereby causing the victim to suffer physical harm. Freeman testified in her defense and denied ever assaulting the victim with a baseball bat or otherwise. Freeman testified that it was instead her brother and another boy who had assaulted the victim.

{¶ 3} After hearing the testimony offered by these three witnesses, as well as testimony offered by Freeman's brother, the trial court returned a verdict finding Freeman guilty as charged. In so doing, the trial court noted that it had found neither Freeman's testimony, nor the testimony offered by Freeman's brother, "credible at all." Upon returning its verdict, the trial court then sentenced Freeman to 180 days in jail, with 50 of those days suspended, and ordered Freeman to pay a $200 fine plus court costs.[2] The trial court also placed Freeman on three years of community control, instructed Freeman not to have any contact with the victim, and required Freeman to complete an anger management course.

{¶ 4} Freeman now appeals her conviction, raising the following single assignment of error for review.

{¶ 5} THE TRIAL COURT ERRED BY ENTERING A CONVICTION FOR ASSAULT WHEN THE MANIFEST WEIGHT OF THE EVIDENCE DID NOT SUPPORT THE CONVICTION.

---

2. The record indicates that Freeman was released from jail on June 6, 2023, after serving just 63 days of her 130-day jail sentence. The trial court's entry ordering Freeman's early release from jail notes that her release was conditioned upon Freeman starting "anger management" and having "no contact w/ victim."

{¶ 6} Freeman argues her conviction for one count of first-degree misdemeanor assault was against the manifest weight of the evidence. We disagree.

{¶ 7} "[A] manifest-weight-of-the-evidence standard of review applies to the state's burden of persuasion." *State v. Messenger*, Slip Opinion No. 2022-Ohio-4562, ¶ 26. "To determine whether a conviction is against the manifest weight of the evidence, this court must look at the entire record, weigh the evidence and all reasonable inferences, consider the credibility of the witnesses, and determine whether in resolving the conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." *State v. Lewis*, 12th Dist. Butler No. CA2019-07-128, 2020-Ohio-3762, ¶ 18, citing *State v. Wilks*, 154 Ohio St.3d 359, 2018-Ohio-1562, ¶ 168.

{¶ 8} However, while a challenge to the manifest weight of the evidence requires this court to evaluate witness credibility, this determination is primarily for the trier of fact to decide. *State v. Baker*, 12th Dist. Butler No. CA2019-08-146, 2020-Ohio-2882, ¶ 30, citing *State v. DeHass*, 10 Ohio St.2d 230 (1967), paragraph one of the syllabus. This court will overturn a conviction due to the manifest weight of the evidence only in extraordinary circumstances when the evidence presented at trial weighs heavily against the conviction and in favor of acquittal. *State v. Hundley*, 162 Ohio St.3d 509, 2020-Ohio-3775, ¶ 80; *State v. Morgan*, 12th Dist. Butler Nos. CA2013-08-146 and CA2013-08-147, 2014-Ohio-2472, ¶ 34.

{¶ 9} As noted above, Freeman was convicted of one count of first-degree misdemeanor assault in violation of R.C. 2903.13(A). Pursuant to that statute, "[n]o person shall knowingly cause or attempt to cause physical harm to another or to another's unborn." "A person acts knowingly, regardless of purpose, when the person is aware that the person's conduct will probably cause a certain result or will probably be of a certain nature."

R.C. 2901.22(B). The term "physical harm" to persons means "any injury, illness, or other physiological impairment, regardless of its gravity or duration." R.C. 2901.01(A)(3).

{¶ 10} A victim's testimony is all that is needed to "sustain a conviction for assault in violation of R.C. 2903.13(A) if the victim's testimony proves all the elements of the offense." *State v. Lunsford*, 12th Dist., Butler No. CA2019-07-116, 2020-Ohio-965, ¶ 13. This holds true even if there are inconsistencies in the witness testimony elicited by the state at trial. *See, e.g., State v. Reynolds*, 12th Dist. Brown No. CA2000-11-035, 2001 Ohio App. LEXIS 3164, *6 (July 16, 2001) (finding the evidence presented by the state, if believed, was sufficient to sustain a conviction for assault despite the inconsistencies in the testimony where "the state presented evidence from the victim and an eyewitness that appellant knowingly shoved [the victim]" and "ripped her pajama top," among other things, which caused the victim physical harm). The trial court, acting as the trier of fact, does this by noting "any inconsistencies in the witness' testimony" and resolving them accordingly, "believing all, part, or none of each witness's testimony." *State v. Schils*, 12th Dist. Clermont No. CA2019-08-067, 2020-Ohio-2883, ¶ 18.

{¶ 11} Freeman argues her conviction was against the manifest weight of the evidence because the testimony elicited by the state at trial identifying her as the perpetrator who assaulted the victim with a baseball bat was "unreliable." To support this claim, Freeman argues that "the two crucial witnesses" who testified against her "provided very different testimony" regarding the alleged assault: the independent eyewitness testifying that Freeman hit the victim "in the torso with the bat—or lower on the body," whereas the victim of the assault testified that Freeman hit her in the jaw. We fail to see the significance of this inconsistency when considering both witnesses testified that Freeman struck the victim with a baseball bat, thereby causing the victim to suffer physical harm. This is because, regardless of whether Freeman struck the victim in the torso or in the jaw, this

evidence, if believed, was more than enough to prove Freeman assaulted the victim by knowingly causing or attempting to cause the victim physical harm in violation of R.C. 2903.13(A). *See, e.g., Toledo v. Young*, 6th Dist. Lucas No. L-10-1209, 2011-Ohio-2817, ¶ 13 (evidence that appellant kicked and spit upon another person, if believed, was sufficient to support appellant's conviction for assault "despite the conflicting testimony").

{¶ 12} In so holding, we note the now well-established principle that "[i]nconsistencies in the evidence alone do not mean that a decision is against the manifest weight of the evidence." *State v. Gregory*, 12th Dist. Clermont No. CA2022-10-070, 2023-Ohio-1700, ¶ 16. This is particularly true here when considering the inconsistencies in the testimony offered by the state's two crucial witnesses was minor, thus falling well short of what it would take to render either of those two witnesses' testimony inherently unworthy of belief. *See, e.g., State v. Berry*, 159 Ohio App.3d 476, 2004-Ohio-6027, ¶ 12 (12th Dist.) ("the inconsistencies in the testimony of the state's witnesses were minor, and they did not render their testimony inherently unworthy of belief"). That Freeman denied assaulting the victim does not mean the trial court was required to accept Freeman's testimony as true. "A conviction is not against the manifest weight of the evidence simply because the trier of fact believed the testimony offered by the prosecution." *State v. Baker*, 12th Dist. Butler No. CA2019-08-146, 2020-Ohio-2882, ¶ 31. Such is the case here given the trial court's express finding neither Freeman's testimony, nor the testimony offered by Freeman's brother, "credible at all." Therefore, finding no merit to Freeman's argument raised herein, Freeman's single assignment of error lacks merit and is overruled.

{¶ 13} Judgment affirmed.

M. POWELL and BYRNE, JJ., concur.