[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State v. Messenger*, Slip Opinion No. 2022-Ohio-4562.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports.  Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2022-OHIO-4562

THE STATE OF OHIO *v*. MESSENGER.

**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State v. Messenger*, Slip Opinion No. 2022-Ohio-4562.]**

*Criminal law—R.C. 2901.05—Affirmative defenses—Self-defense—Burden of production and burden of persuasion—Defendant has burden of production regarding self-defense claim and must produce legally sufficient evidence that defendant's use of force was in self-defense—State then has burden of persuasion to disprove self-defense claim beyond a reasonable doubt—On appeal, sufficiency-of-the-evidence standard of review applies to defendant's burden of production and manifest-weight standard of review applies to state's burden of persuasion—Court of appeals' judgment affirmed.*

(No. 2021-0944—Submitted May 25, 2022—Decided December 21, 2022.)

APPEAL from the Court of Appeals for Franklin County,

No. 19AP-879, 2021-Ohio-2044.

_____

**DONNELLY, J.**

{¶ 1} Recent legislation now dictates that when a defendant presents a claim of self-defense in a criminal case, the state has the burden of disproving that self-defense claim beyond a reasonable doubt. This discretionary appeal from the Tenth District Court of Appeals involves the latest of questions that have arisen from the legislative change: is the state's rebuttal of a defendant's claim of self-defense now subject to review under the sufficiency-of-the-evidence standard? We hold that it is not, and we therefore affirm the judgment of the Tenth District holding the same.

## BACKGROUND

{¶ 2} Appellant, Kandle Messenger, was charged with murder and felony murder, along with accompanying firearm specifications. The charges stemmed from the fatal shooting of Richard Pack. Messenger claimed that he had acted in self-defense. The witnesses who testified at Messenger's jury trial provided conflicting accounts of what happened, but there was no dispute that Messenger ultimately shot Pack 14 times in quick succession with a semiautomatic handgun.

{¶ 3} Messenger and Pack were stepbrothers and good friends. During two incidents on the evening of February 25, 2019, Pack confronted Messenger about Messenger's secret romantic involvement with Samantha Anderson. Anderson was Pack's recently estranged girlfriend and the mother of his two children. Pack came to the house where Messenger and Anderson lived—and where Pack had also lived before moving out in January 2019. After telling Messenger to sit down on the living-room couch, Pack repeatedly punched Messenger while Messenger apologized for the betrayal. Pack left shortly thereafter but returned to the house later in the evening.

{¶ 4} Before Pack returned, Messenger retrieved a handgun and put it in his waistband. Messenger testified that he was afraid that Pack would return to the house armed with a gun because Pack had threatened to kill him during the first incident and also because Pack owned multiple guns and was very experienced with

them. When Pack returned, he confronted Messenger again, and the two men argued in the backyard. According to Messenger's testimony at trial, he drew his gun on Pack but he put it back in his waistband after Pack said to put it away. Pack then went into the house with Anderson and demanded that Messenger come inside. Messenger initially refused and stayed in the yard for a few minutes, but he ultimately went into the house.

{¶ 5} Messenger testified that after he entered the house, Pack came toward him and insisted they should hug. Messenger knew that Pack had expertise in disarming people, and he feared that Pack was going to take the gun and shoot him. Messenger testified that once he was backed into a corner with Pack still coming at him and ignoring his pleas to stop, Messenger panicked and started shooting. The three other adults in the house—Anderson, her sister, and her sister's fiancée—overheard but did not see Messenger shoot Pack. Anderson testified that she heard Messenger repeatedly beg Pack to stop and not come any closer and that she then heard gunshots. The other two women each testified that before the gunfire, they heard Messenger tell Pack, "[N]o * * * don't."

{¶ 6} Messenger's next-door-neighbors testified that they watched the backyard confrontation from their kitchen window. One neighbor testified that she stopped watching once Pack entered the house but that she heard gunshots roughly two minutes later. The other neighbor said that he watched Messenger as he stood alone in the yard after Pack went inside. After a few minutes, the neighbor saw Messenger as he "took off," strode quickly into the house, and slammed the door. The neighbor testified that he heard gunshots immediately after Messenger entered the house.

{¶ 7} Messenger moved for acquittal under Crim.R. 29 after the state rested and again at the end of trial. The trial court denied the motions, finding that reasonable minds could differ as to whether each element of the crime had been proved beyond a reasonable doubt.

{¶ 8} The state's theory of the case, presented during closing arguments, was that Messenger went into the house in a rage and immediately began to shoot wildly at Pack, thereby committing murder and felony murder. The state's theory against self-defense was that Messenger initiated the confrontation by choosing to enter the house and "almost instantaneous[ly]" begin shooting. Messenger could not have believed he needed to act in self-defense, because Pack posed no threat to Messenger between the time that Messenger stood outside the house and the moment that he began shooting Pack. Messenger could have chosen not to enter the house. And Messenger did not use reasonable force, because he shot far more times than was necessary to repel an attacker.

{¶ 9} Messenger's theory of self-defense was that Pack started the confrontation by coming to the house where Messenger was staying. Messenger reasonably feared that Pack was going to disarm and shoot him once Messenger was inside the house given Pack's previous threats to kill Messenger, Pack's ownership of guns, Pack's expertise at disarming people, and the fact that Pack continued to approach Messenger for a hug despite Messenger's pointing a weapon at him and telling him to stop. Because Messenger was living at that house, he had a right to enter the house and had no duty to retreat. And Messenger reasonably shot at Pack until Pack fell down. He further claimed that the number of shots and the scattered range of shell casings were indicative of panic and fear.

{¶ 10} In its jury charge, the trial court included an instruction on self-defense in accordance with the newly amended R.C. 2901.05(B)(1): "If you find that evidence was presented that tends to support the finding that the Defendant used deadly force in self-defense, the State must prove beyond a reasonable doubt that the Defendant did not properly act in self-defense." The trial court also instructed that "a person using force to defend himself who lawfully is in that person's residence or business has no duty to retreat before using deadly force [in]

self-defense." The jury found Messenger guilty on all counts and specifications. The trial court imposed a sentence of 18 years to life in prison.

{¶ 11} Among his arguments in the Tenth District Court of Appeals, Messenger argued that the state had not presented legally sufficient evidence to establish that he had not acted in self-defense. He also argued that the state had failed to disprove self-defense under a "manifest weight" test. The court held that Messenger's self-defense claim was not subject to review for the sufficiency of the evidence. 2021-Ohio-2044, 174 N.E.3d 425, ¶ 44. The appellate court held that a sufficiency analysis applies only to the elements of an offense and that affirmative defenses remain subject only to manifest-weight review on appeal. The court went on to reject Messenger's manifest-weight challenge, *id*. at ¶ 53, and his remaining assignments of error, and it affirmed Messenger's convictions, *id*. at ¶ 79.

{¶ 12} Messenger sought our discretionary review of the Tenth District's decision, advancing several propositions of law. We accepted the appeal on the following proposition of law: "Self-defense claims may be reviewed on direct appeal for sufficiency of the evidence." *See* 164 Ohio St.3d 1460, 2021-Ohio-3594, 174 N.E.3d 811.

## ANALYSIS

{¶ 13} The question whether a claim of self-defense is subject to review under a sufficiency-of-the-evidence standard is a question of law, which we review de novo. *See Gabbard v. Madison Local School Dist. Bd. of Edn.*, 165 Ohio St.3d 390, 2021-Ohio-2067, 179 N.E.3d 1169, ¶ 6. A sufficiency analysis " 'determine[s] whether the case may go to the jury or whether the evidence is legally sufficient to support the jury verdict as a matter of law.' " *State v. Thompkins*, 78 Ohio St.3d 380, 386, 678 N.E.2d 541 (1997), quoting *Black's Law Dictionary* 1433 (6th Ed.1990). If the state fails to present sufficient evidence on every element of an offense, then convicting a defendant for that offense violates the defendant's right

to due process of law. *Id.* at 386-387; *see also Jackson v. Virginia*, 443 U.S. 307, 316, 99 S.Ct. 2781, 61 L.Ed.2d (1979).

{¶ 14} A self-defense claim includes the following elements:

(1) that the defendant was not at fault in creating the situation giving rise to the affray; (2) that the defendant had a bona fide belief that he [or she] was in imminent danger of death or great bodily harm and that his [or her] only means of escape from such danger was in the use of such force; and (3) that the defendant did not violate any duty to retreat or avoid the danger.

*State v. Barnes*, 94 Ohio St.3d 21, 24, 759 N.E.2d 1240 (2002).

{¶ 15} In a criminal trial taking place prior to March 28, 2019, the effective date of 2018 Am.Sub.H.B. No. 228 ("H.B. 228"), a defendant claiming the affirmative defense of self-defense had the burden of proving the foregoing elements of the defense by a preponderance of the evidence. *See* former R.C. 2901.05(A), 2008 Sub.S.B. No. 184; *State v. Brooks*, __ Ohio St.3d __, 2022-Ohio-2478, __ N.E.3d __, ¶ 23 (discussing former versions of R.C. 2901.05). H.B. 228 amended R.C. 2901.05, and since March 28, 2019, the burden regarding self-defense has been as follows:

A person is allowed to act in self-defense * * *. If, at the trial of a person who is accused of an offense that involved the person's use of force against another, there is evidence presented that tends to support that the accused person used the force in self-defense * * *, the prosecution must prove beyond a reasonable doubt that the accused person did not use the force in self-defense * * *.

R.C. 2901.05(B)(1).

{¶ 16} Because the state must prove all elements of an offense beyond a reasonable doubt and because the state must now prove lack of self-defense beyond a reasonable doubt, Messenger argues that both must be examined under a sufficiency-of-the-evidence standard. This argument fails to account for the difference between the nature of the evidence and the strength of a conclusion regarding that evidence.

{¶ 17} Reasonable doubt is "the condition of mind produced by the proof resulting from the evidence in the cause. It is the result of the proof, not the proof itself * * *; thus one is a cause, the other an effect." *Coffin v. United States*, 156 U.S. 432, 460, 15 S.Ct. 394, 39 L.Ed. 481 (1895). Reasonable doubt speaks to the extent to which the factfinder must be convinced that a party met its burden of persuasion. *State v. Robinson*, 47 Ohio St.2d 103, 107-108, 351 N.E.2d 88 (1976); *In re Winship*, 397 U.S. 358, 364, 90 S.Ct. 1068, 25 L.Ed.2d 368 (1970). The reasonable-doubt standard does not apply to whether a party has met its burden of producing legally sufficient evidence in the first place; if a party fails to meet its burden of production, the factfinder cannot consider the claim at all, let alone how persuasive the evidence was. *See Burks v. United States*, 437 U.S. 1, 16, 98 S.Ct. 2141, 57 L.Ed.2d 1 (1978) (reversal for insufficient evidence "means that the government's case was so lacking that it should not have even been *submitted* to the jury" [emphasis sic]).

{¶ 18} The state has the burden of production regarding the elements of a criminal offense because an accused person has the right to a presumption of innocence on each element. R.C. 2901.05(A); *Morissette v. United States*, 342 U.S. 246, 275, 72 S.Ct. 240, 96 L.Ed. 288 (1952); *Jackson*, 443 U.S. at 315, 99 S.Ct. 2781, 61 L.Ed.2d 560. The presumption of innocence "is an instrument of proof created by the law in favor of one accused, whereby his innocence is established

until sufficient evidence is introduced to overcome the proof which the law has created." *Coffin* at 459.

{¶ 19} Conversely, there is no due-process right to a presumption of an affirmative defense such as self-defense. *State v. Hancock*, 108 Ohio St.3d 57, 2006-Ohio-160, 840 N.E.2d 1032, ¶ 37; *see also Leland v. Oregon*, 343 U.S. 790, 798-799, 72 S.Ct. 1002, 96 L.Ed. 1302 (1952) (legislative allocation of the burden of proving the affirmative defense of insanity does not raise a constitutional issue, because the affirmative defense is not constitutionally based). There is also no statutory right to a presumption of self-defense in Ohio. R.C. 2901.05(A) provides that an accused is "presumed innocent," in line with the constitutionally guaranteed right. But R.C. 2901.05(B) states that "[a] person is *allowed* to act in self-defense." (Emphasis added.) With no "proof created by the law in favor of" self-defense, *see Coffin* at 459, the defendant has the burden of producing legally sufficient evidence of self-defense to trigger the state's duty to overcome that evidence.

{¶ 20} Although there is no explicit presumption of self-defense in R.C. 2901.05(B)(1), Messenger nonetheless maintains that H.B. 228's amendment to the statute eliminated the defendant's burden of production regarding self-defense. He notes that former R.C. 2901.05(A) stated that a defendant had the affirmative "burden of going forward with the evidence of an affirmative defense, and the burden of proof, by a preponderance of the evidence, for an affirmative defense," *see* 2008 Sub.S.B. No. 184, but the new standard specific to self-defense in R.C. 2901.05(B)(1) uses passive language and triggers the state's duty to disprove self-defense so long as "there is evidence presented that tends to support that the accused person used the force in self-defense." He contends that the vagueness of the new language in R.C. 2901.05(B)(1), coupled with the state's new burden of persuasion, indicates that the absence of self-defense is now an element of all applicable offenses and that the state has the burden of production. We disagree.

{¶ 21} The plain language of R.C. 2901.05(A) reflects that self-defense is still an affirmative defense and that the burden of production is still on the defendant:

> The burden of going forward with the evidence of an *affirmative defense*, and the burden of proof, by a preponderance of the evidence, for an *affirmative defense other than self-defense*, defense of another, or defense of the accused's residence presented as described in division (B)(1) of this section, is upon the accused.

(Emphasis added.) By stating that the burden of persuasion is on the defendant for "an affirmative defense other than self-defense," the statute indicates that self-defense falls within the category of affirmative defenses but is excepted from the burden of persuasion. And by stating that the defendant bears the "burden of going forward with the evidence of an affirmative defense," the statute indicates that there are no exceptions to the defendant's burden of production regarding affirmative defenses.

{¶ 22} The reference in R.C. 2901.05(B)(1) to "evidence presented that tends to support" self-defense indicates that the defendant's burden of production is not a heavy one and that it might even be satisfied through the state's own evidence. However, we cannot infer from these few words alone that the absence of self-defense is now a substantive element of every offense involving the use of force. We have already determined that the amendment to R.C. 2901.05(B)(1) was procedural, not substantive, in nature. *Brooks*, __ Ohio St.3d __, 2022-Ohio-2478, __ N.E.3d. __, at ¶ 15-16. The amendment changed the procedure for adjudicating criminal cases involving evidence of self-defense; it did not make substantive changes to the elements of any offenses.

**{¶ 23}** The law defining the murder offenses charged against Messenger remained the same before and after H.B. 228's amendment to R.C. 2901.05:

> (A) No person shall purposely cause the death of another or the unlawful termination of another's pregnancy.
>
> (B) No person shall cause the death of another as a proximate result of the offender's committing or attempting to commit an offense of violence that is a felony of the first or second degree and that is not a violation of section 2903.03 or 2903.04 of the Revised Code.

R.C. 2903.02.

**{¶ 24}** The change to the state's burden of persuasion regarding self-defense in R.C. 2901.05(B)(1) did not change the elements of Messenger's charged offenses of murder and felony murder. A statutory requirement that the state must disprove an affirmative defense beyond a reasonable doubt does not in itself cause the affirmative defense to become an element of the offense. *Engle v. Isaac*, 456 U.S. 107, 120, 102 S.Ct. 1558, 71 L.Ed.2d 783 (1982). Self-defense remains an affirmative defense in Ohio, and an affirmative defense is not an element of a crime, *see Hancock*, 108 Ohio St.3d 57, 2006-Ohio-160, 840 N.E.2d 1032, at ¶ 35.

**{¶ 25}** Given the foregoing, a defendant charged with an offense involving the use of force has the burden of producing legally sufficient evidence that the defendant's use of force was in self-defense. Similarly to the standard for judging the sufficiency of the state's evidence, if the defendant's evidence and any reasonable inferences about that evidence would allow a rational trier of fact to find all the elements of a self-defense claim when viewed in the light most favorable to the defendant, then the defendant has satisfied the burden. *See State v. Filiaggi*, 86

10

Ohio St.3d 230, 247, 714 N.E.2d 867 (1999); *Robinson*, 47 Ohio St.2d at 109-112, 351 N.E.2d 88.

{¶ 26} At the close of Messenger's jury trial, the trial court provided the jury with an instruction regarding self-defense, which means that the trial court concluded that Messenger put forward sufficient evidence that he was acting in self-defense when he shot and killed Pack. The guilty verdict means that the state met its burden of persuading the jury beyond a reasonable doubt that Messenger was not acting in self-defense when he killed Pack. As the Tenth District aptly explained, the sufficiency-of-the-evidence standard of review applies to Messenger's burden of production and a manifest-weight-of-the-evidence standard of review applies to the state's burden of persuasion. 2021-Ohio-2044, 174 N.E.3d 425, at ¶ 44-45; *see also Thompkins*, 78 Ohio St.3d at 390, 678 N.E.2d 541 (Cook, J., concurring) (a sufficiency challenge disputes whether a party "met its burden of production at trial," and a manifest-weight challenge disputes whether a party "carried its burden of persuasion").

**CONCLUSION**

{¶ 27} H.B. 228's amendments to R.C. 2901.05 did not eliminate the defendant's burden of production regarding a claim of self-defense. The state's new burden of disproving the defendant's self-defense claim beyond a reasonable doubt is subject to a manifest-weight review on appeal, and the Tenth District correctly declined to review the state's rebuttal of self-defense for sufficiency of the evidence. We therefore affirm the judgment of the Tenth District Court of Appeals.

Judgment affirmed.

O'CONNOR, C.J., and KENNEDY, FISCHER, DEWINE, STEWART, and ROBB, JJ., concur.

CAROL ANN ROBB, J., of the Seventh District Court of Appeals, sitting for BRUNNER, J.

_____

G. Gary Tyack, Franklin County Prosecuting Attorney, and Seth L. Gilbert, Assistant Prosecuting Attorney, for appellee.

Carpenter, Lipps & Leland, L.L.P., Kort Gatterdam, and Erik P. Henry, for appellant.

Steven L. Taylor, urging affirmance on behalf of amicus curiae, Ohio Prosecuting Attorneys Association.

_____