[Cite as *State v. Oburn*, 2024-Ohio-133.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## MARION COUNTY

STATE OF OHIO,

    PLAINTIFF-APPELLEE,

  v.

JAMES OBURN,

    DEFENDANT-APPELLANT.

CASE NO. 9-23-33

**O P I N I O N**

---

**Appeal from Marion County Common Pleas Court
Trial Court No. 22-CR-442**

**Judgment Affirmed**

**Date of Decision:  January 16, 2024**

---

APPEARANCES:

    *W. Joseph Edwards* **for Appellant**

    *Allison M. Kesler* **for Appellee**

**WILLAMOWSKI, P.J.**

{¶1} Defendant-appellant James Oburn ("Oburn") brings this appeal from the Court of Common Pleas of Marion County finding him guilty of possession of a deadly weapon while under detention and sentencing him to a prison term of 12 months. Oburn claims on appeal that the evidence was insufficient to support his conviction. For the reasons set forth below, the judgment is affirmed.

{¶2} On November 20, 2021, Oburn was incarcerated at the North Central Correctional Institution. After being returned to his cell, correctional officer Jose Arteaga ("Arteaga") observed Oburn pull something from his pocket and toss it on the lower bunk. Arteaga then retrieved the item, finding it to be a "sharpened comb with string tied for a handle, possible weapon." Ex. A.

{¶3} On August 12, 2022, the Marion County Grand Jury indicted Oburn on one count of possession of a deadly weapon while under detention in violation of R.C. 2923.131(B), (C)(2)(e)(i), a felony of the fifth degree. Oburn entered a plea of not guilty to the charge. A jury trial was held on April 11-12, 2023. The jury returned a guilty verdict as to the sole count. On April 26, 2023, the trial court held a sentencing hearing and ordered Oburn to serve 12 months in prison. Oburn filed a timely notice of appeal from this judgment and raises the following assignment of error on appeal.

> **The court erred in deciding that the evidence was sufficient enough to determine that beyond a reasonable doubt [Oburn] was**

**in possession of a deadly weapon while detained at a correctional facility.**

The sole assignment of error challenges the sufficiency of the evidence.

> A sufficiency analysis "'determine[s] whether the case may go to the jury or whether the evidence is legally sufficient to support the jury verdict as a matter of law.'" *State v. Thompkins*, 78 Ohio St.3d 380, 386, 678 N.E.2d 541 (1997), quoting Black's Law Dictionary 1433 (6th Ed.1990). If the state fails to present sufficient evidence on every element of an offense, then convicting a defendant for that offense violates the defendant's right to due process of law. *Id*. at 386-387, 678 N.E.2d 541; see also *Jackson v. Virginia*, 443 U.S. 307, 316, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979).

*State v. Messenger,* 171 Ohio St.3d 227, 2022-Ohio-4562, ¶ 13, 216 N.E.3d 653.

The question of whether the evidence presented at trial is legally sufficient to support a verdict is a question of law and questions the adequacy of the evidence. *State v. Hulbert*, 3d Dist. Van Wert No. 15-19-07, 2021-Ohio-2298, ¶ 5. "An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt." *State v. Jenks*, 61 Ohio St.3d 259, 574 N.E.2d 492 (1991) superseded by constitutional amendment on other grounds. Accordingly, "[t]he relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." *Id.* "In deciding if the evidence was sufficient, we neither resolve evidentiary conflicts nor assess the

credibility of witnesses, as both are functions reserved for the trier of fact." *State v. Jones*, 1st Dist. Hamilton No. C-120570, 20130Ohio-4775, ¶ 33.

{¶4} Oburn was charged with one count of possession of a deadly weapon while detained at a correctional facility. The statute prohibits any person who is incarcerated at a detention facility from possessing a deadly weapon. R.C. 2923.131(B). A "detention facility" is defined as any place used to confine a person charged with or convicted of a crime. R.C. 2921.01(F). A "deadly weapon" is any item "capable of inflicting death and designed or *specially adapted* for use as a weapon, or possessed, carried, or used as a weapon." R.C. 2923.11(A). So to prove its case, the State was required to show that Oburn 1) possessed a deadly weapon 2) while detained at a correctional facility.

{¶5} The parties stipulated that at the time in question, Oburn was incarcerated at a detention facility as a result of a prior criminal conviction. At the trial Arteaga testified that on November 20, 2021, he was a correctional officer at the North Central Correctional Complex. At that time, Oburn was housed in the Transitional Program Unit. Arteaga was transporting Oburn and his cellmate from the recreation area back to their cell. When they reached the cell, Arteaga then placed the men in the cell and shut the door. While looking in the window, Arteaga saw Oburn pull something out of his pants and toss it onto the bottom bunk. Arteaga then reopened the door and removed the men from the cell. Arteaga searched the cell and found the following item.



Ex. 1. Arteaga testified that Oburn was the person he saw remove the weapon from his pants.

{¶6} Ohio State Trooper Brandon Ruhl ("Ruhl") testified that he received the report of the weapon and investigated it. Ruhl identified the weapon as the one he investigated. Ruhl then testified that the weapon was sharpened to a point and was capable of causing serious physical harm. The State rested its case.

{¶7} Viewing the evidence in a light most favorable to the State, the evidence presented was sufficient to support the jury's determination that Oburn possessed the weapon and was the one to toss it onto the bunk. The evidence indicates that the weapon could cause serious physical harm. By looking at the weapon, a juror could reasonably conclude that the serious physical harm could include fatal harm. Thus, the evidence presented was sufficient to show that Oburn possessed a deadly weapon while incarcerated at a detention facility. The assignment of error is overruled.

**{¶8}** Having found no evidence prejudicial to appellant in the particulars assigned and argued, the judgment of the Court of Common Pleas of Marion County is affirmed.

***Judgement Affirmed***

**WALDICK and ZIMMERMAN, J.J., concur.**

**/hls**