[Cite as *State v. Bowen*, 2024-Ohio-1079.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Appellee | : | C.A. No. 29833 |
| | : | |
| v. | : | Trial Court Case No. 2023 CRB 001408 |
| | : | |
| RYAN M. BOWEN | : | (Criminal Appeal from Municipal Court) |
| | : | |
| Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on March 22, 2024

. . . . . . . . . . .

CATHERINE BREAULT, Attorney for Appellant

MARC T. ROSS, Attorney for Appellee

. . . . . . . . . . . .

TUCKER, J.

{¶ 1} Defendant-appellant Ryan M. Bowen appeals from his convictions for domestic violence. Bowen contends his convictions should be reversed because the trial court erred in its application of the law regarding self-defense. For the reasons set forth below, we affirm.

## I.  Facts and Procedural Background

{¶ 2} On April 27, 2023, Bowen was charged by criminal complaint with one count of domestic violence in violation of R.C. 2919.25(A) (physical harm), one count of domestic violence in violation of R.C. 2919.25(C) (by threat), one count of assault in violation of R.C. 2903.13(A), and one count of aggravated menacing in violation of R.C. 2903.21(A).   Prior to trial, Bowen filed a notice of his intent to assert self-defense.   The matter proceeded to a bench trial.

{¶ 3} The victim, J.P., testified that she and Bowen had been involved in a romantic relationship.   On April 26, 2023, they were sleeping at Bowen's residence.   When J.P. awakened, she looked through Bowen's cell phone because she suspected he was still involved with his ex-girlfriend.   Upon finding communications between Bowen and the ex-girlfriend, J.P. became angry.   She took Bowen's phone outside and smashed it.   She then began to pack her belongings and called her mother to pick her up.

{¶ 4} According to J.P., when Bowen woke up and found his phone, he stated, "do you want to get beat the fuck up bitch?"   J.P. testified that Bowen then grabbed her by the shoulders and head-butted her on her forehead.   Bowen then pushed J.P. onto a nearby couch and held her down by her shoulders.   J.P. testified that she began to kick and scratch Bowen in an effort to get him to release her.   Bowen then placed his hands around J.P.'s neck and used enough pressure to cause her pain.   J.P. was able to twist her head and bite Bowen on his left forearm, which caused him to release her.   She then grabbed her packed belongings and left the house.   At that point, her mother had arrived

and was waiting outside the residence.

{¶ 5} J.P.'s mother observed red marks on J.P.'s forehead and neck. At this point, the police were called. The women waited outside the residence for the police to arrive; while waiting, they observed Bowen leave the home with his dog and backpack. J.P. and her mother both testified that they observed Bowen circling the neighborhood in his car while they were talking with the police.

{¶ 6} Dayton Police Officers Anthony Gross and Thomas Luzny responded to the residence on a domestic violence dispatch. The officers testified that they observed and took pictures of bruising and swelling on J.P.'s forehead and red marks on her neck. Five hours after the altercation, Bowen went to the police station and reported that J.P. had attacked him. Officers Gross and Luzny were present and took Bowen's report. When the officers asked why he had waited so long to report the incident, Bowen stated that he had to make sure his dog was safe. The officers observed a bite mark on Bowen's arm.

{¶ 7} Bowen testified at trial that he had been angry after finding his smashed telephone and had confronted J.P. Bowen testified that he told her to leave, but she attacked him and began to scratch him. Bowen grabbed J.P. by the arm, and she fell back onto the couch. She then grabbed his arm, pulled it to her mouth, and bit him. According to Bowen, he pushed J.P. away. He testified that the bruise on J.P.'s forehead and the marks on her neck happened as he pushed her away.

{¶ 8} The court found Bowen guilty of both counts of domestic violence and the count of assault, but it found Bowen not guilty of aggravated menacing. The court merged the assault with one of the domestic violence offenses for sentencing. Bowen

was sentenced accordingly.   Bowen appeals.

## II.      Self-Defense

**{¶ 9}** Bowen's sole assignment of error states:

APPELLANT'S CONVICTION MUST BE REVERSED BECAUSE THE TRIAL COURT ERRED IN ITS APPLICATION OF THE AMENDED VERSION OF R.C. 2901.05.[1]

**{¶ 10}** Bowen asserts that the trial court improperly placed the self-defense burden of proof upon him.

**{¶ 11}** R.C. 2901.05(B)(1) places the initial burden of producing evidence "that tends to support" a self-defense claim on the defendant.   The Ohio Supreme Court recently discussed self-defense in the context of jury instructions.   *See State v. Palmer*, Ohio Slip Opinion No. 2024-Ohio-539, __ N.E.3d __.   In *Palmer*, the court held that "[t]he standard for judging whether a defendant meets this burden and presents legally sufficient evidence is '[s]imilar[ ] to the standard for judging the sufficiency of the state's evidence.' " (Citation omitted.) *Id.* at ¶ 20.   Thus, "if the defendant's evidence and any reasonable inferences about that evidence would allow a rational trier of fact to find all the elements of a self-defense claim when viewed in the light most favorable to the defendant, then the defendant has satisfied the burden.   This burden of production is 'not

---

[1] The self-defense analysis is applicable only to the R.C. 2919.25(A)(1) (physical harm) offense, because the R.C. 2919.25(C) (by threat) offense occurred before force was used by either Bowen or J.P.

a heavy one and * * * might even be satisfied through the state's own evidence.' " *Id.*, citing *State v. Messenger*, 171 Ohio St.3d 227, 2022-Ohio-4562, 216 N.E.3d 653, ¶ 22. Further, in determining "[w]hether evidence is sufficient, a trial court must consider only the adequacy of the evidence presented—not its persuasiveness. The question is not whether the evidence should be believed but whether the evidence, if believed, could convince a trier of fact, beyond a reasonable doubt, that the defendant was acting in self-defense." (Citations omitted.) *Id.* at ¶ 21. In other words, when deciding whether a self-defense instruction should be given, the trial court must view the evidence in a light most favorable to the defendant without regard to credibility. Thus, when there is conflicting evidence on the issue of self-defense, the instruction must be given to the jury.

{¶ 12} Once the defendant has put forth sufficient evidence that he was acting in self-defense, the State's burden of persuasion is triggered. *Messenger* at ¶ 19. The burden then shifts to the State to prove that the defendant did not act in self-defense. *Id.* To accomplish this, the State must disprove beyond a reasonable doubt at least one of the elements of self-defense. *State v. Gutierrez,* 11th Dist. Lake No. 2022-L-130, 2023-Ohio-3122, ¶ 72. Where, as in this case, nondeadly force was used, the self-defense elements are that the defendant was not at fault in creating the situation resulting in the use of force and the defendant had a bona fide belief that he was in imminent danger of bodily harm. *Id.* at ¶ 71; *State v. Brown*, 2017-Ohio-7924, 96 N.E.3d 1128, ¶ 24 (2d Dist.). On appeal, the question of whether the State met its burden is decided under the manifest weight of the evidence standard. *Messenger* at ¶ 26.

{¶ 13} Bowen correctly notes that, after the close of evidence, the trial court stated

it did not find Bowen's testimony "reasonable"; based upon this finding, the trial court concluded that Bowen had not acted in self-defense. Bowen asserts that this demonstrated the trial court improperly placed the burden of proof on self-defense on Bowen. We disagree.

{¶ 14} Our review of the record convinces us that the trial court was aware of the proper standard to be utilized in self-defense cases. Indeed, at the beginning of the trial, the trial court expressly stated the correct law applicable to the defense. The court then conducted the trial, which included the testimony of both J.P. and Bowen. Had this case involved a jury trial, the court would have had to determine whether to give an instruction on self-defense to the jury. However, because the trial court was the trier of fact in this case, it was not required to expressly instruct itself on self-defense, and it could proceed to state its verdict and the basis therefore. As noted, when there is conflicting evidence, the ultimate decision lies with the trier of fact, which is free to determine witness credibility. In other words, we presume the trial court properly followed the law when it considered Bowen's evidence concerning self-defense but ultimately found it without merit.

{¶ 15} The sole assignment of error is overruled.

### III.    Conclusion

{¶ 16} The judgment of the trial court is affirmed.

. . . . . . . . . . . . .

LEWIS, J. and HUFFMAN, J., concur.