[Cite as *State v. Smith*, 2025-Ohio-311.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

| | |
|---|---|
| State of Ohio/City of Toledo | Court of Appeals No.  L-24-1166 |
| | L-24-1167 |
| Appellee | |
| | Trial Court No.  CRB202304620 |
| | CRB202303619 |
| v. | |
| Shannon Smith and | |
| Gregory Smith | **DECISION AND JUDGMENT** |
| Appellants | Decided:  January 31, 2025 |

* * * * *

Rebecca Facey, Toledo Prosecuting Attorney, and
Jimmie L. Jones, Assistant Prosecuting Attorney, for appellee..

David Klucas, for appellant, Shannon Smith

Meira F. Zucker, for appellant, Gregory Smith.

* * * * *

**ZMUDA, J.**

## I.  Introduction

**{¶ 1}** In this consolidated appeal, appellants, Gregory and Shannon Smith, appeal

the judgment of the Toledo Municipal Court, finding each guilty of assault in violation of

R.C. 2903.13(A), a misdemeanor of the first degree. Among their assignments of error,

appellants argue ineffective assistance of trial counsel based on counsel's failure to file a

timely notice of self-defense pursuant to Crim.R. 12.2, denying them each a fair trial. The state concedes this assignment of error as to each appellant. Having reviewed the record, we find that the appellants' trial counsel provided ineffective assistance of counsel and this deficiency resulted in appellants' denial of a fair trial. Accordingly, we reverse the trial court's judgment.

## II. Facts and Procedural Background

{¶ 2} On April 28, 2023, an incident occurred at the Bay View Yacht Club, in the parking lot just outside the club's bar. The next day, R.R. and his wife, J.R., filed a police report and R.R. sought medical treatment, complaining of dizziness and blurred vision due to injury to his head. Two days after the incident, police followed up on the complaint, with no charges filed. R.R. and J.R. were referred to the prosecutor's office for further action.

{¶ 3} On May 11, 2023, the city prosecutor filed a complaint in Toledo Municipal Court, alleging appellants each committed assault in violation of R.C. 2903.13(A), a misdemeanor of the first degree, in case Nos. CRB-23-04619 and CRB-23-04629. The complaints alleged that appellants caused or attempted to cause physical harm to another. As to Gregory, the complaint alleged he "punched Complainant, causing a black eye." As to Shannon, the complaint alleged she "jumped on [Complainant's] back and punched and scratched him."

{¶ 4} After several continuances, the matter proceeded to a joint bench trial on April 3, 2024. The parties stipulated to admission of the surveillance video supplied by

2.

the yacht club. The prosecution called R.R. and J.R. as witnesses before resting its case. The defense called the officer who completed the police investigation without filing charges, and during Gregory's testimony, the prosecution objected to the defense introducing any evidence of self-defense.

{¶ 5} Gregory testified,

We pulled in. We sat there for a few good seconds and noticed [R.R.] or the truck turning around. And then blocked us in. And then at that point, I pretty much knew, you know? Here we go, you know? And then that's when they both hopped out of the vehicle, approached my vehicle. Said what he had to say, which is on the video.

…

And when he didn't like what I said to him, he reached his arms, in my vehicle, grabbed on me, threw punches. And held the door shut.

…

So there was no way that I could defend myself, you know?

{¶ 6} The prosecutor objected to this testimony and argued that appellants failed to file the proper notice of the defense under Crim.R. 12.2, and therefore, could not raise the defense or introduce any self-defense evidence at trial. The trial court sustained the objection, noting "It's in plain black and white as far as notice of self-defense. Rule 12.2 that written notice within, I think it's 14 days, needs to be given to the prosecutor to assert self-defense." Based on the failure to file notice, the trial court determined that it

3.

would not "shift that burden to the prosecution." The trial court stated it would not consider self-defense.

{¶ 7} After the defense rested with additional testimony from Gregory and testimony from Shannon, the trial court issued judgment from the bench, finding the evidence clearly demonstrated a fight, but self-defense was a defense already foreclosed to the defendants, based on the court's ruling. Because the trial court did not consider self-defense, the only issue was whether the prosecution established all elements of assault. The trial court found all elements of assault were met in each case and found Gregory and Shannon guilty. The trial court proceeded directly to sentencing.

{¶ 8} In addressing mitigation, appellants' trial counsel noted the lack of criminal record for each and acknowledged his representation was prejudicially deficient by failing to file notice of self-defense. The trial court imposed a jail term of 180 days for each, with all days suspended, placed each on probation for one year with conditions, and ordered restitution in the amount of $964.32. The trial court journalized its decision that same date.

{¶ 9} Following trial, appellants filed a motion for new trial, based on ineffective assistance of counsel related to the self-defense claim. The trial court denied the motion.

{¶ 10} This appeal followed.

4.

### III. Assignments of Error

{¶ 11} Appellants each asserted three assignments of error. Gregory argued the following error for our review:

1. Mr. Smith was denied a fair trial due to ineffective assistance of counsel.

2. The trial court erred in denying Mr. Smith's motion for a new trial.

3. Cumulative error throughout denied Mr. Smith a fair trial.

{¶ 12} Shannon asserted similar assignments of error, as follows:

1. The trial court abused its discretion by denying Ms. Smith's motion for a new trial.

2. Ms. Smith did not receive constitutionally effective assistance of counsel.

3. The trial court abused its discretion by excluding evidence of defense of others.

### IV. Law and Analysis

{¶ 13} Appellant Gregory Smith's first assignment of error and appellant Shannon Smith's second assignment of error raise ineffective assistance of trial counsel, based on the failure to file notice of self-defense as required by Crim.R. 12.2. Because our resolution of these assignments is dispositive of the appeal, we address them first.

{¶ 14} Crim.R. 12.2 provides,

> Whenever a defendant in a criminal case proposes to offer evidence or argue self-defense, defense of another, or defense of that person's residence, the defendant shall, not less than …fourteen days before trial in a misdemeanor case, give notice in writing of such intent. … If the defendant

fails to file such written notice, the court may exclude evidence offered by the defendant related to the defense, unless the court determines that in the interest of justice such evidence should be admitted.

{¶ 15} In this case, the city concedes that appellants' trial counsel failed to file the required notice of self-defense according to Crim.R. 12.2. Furthermore, the record reflects self-defense was a possible defense to the charge against each appellant, despite the limitation on admission of evidence regarding self-defense.

{¶ 16} To pursue a claim of self-defense, a defendant must first produce "legally sufficient evidence" for every self-defense element. *State v. Palmer,* 2024-Ohio-539, ¶ 19, citing *State v. Messenger,* 2022-Ohio-4562, ¶ 19. Thus, while the defendant's "burden of production is not a heavy one" and can "be satisfied through the state's own evidence," there must be evidence demonstrating the defendant was "not at fault in creating the situation," that the defendant "had a bona fide belief" of "imminent danger of death or great bodily harm" and the "only means of escape" was "the use of such force," and the defendant "did not violate any duty to retreat or avoid the danger." *Messenger* at ¶ 14; ¶ 22.

{¶ 17} At trial, the record demonstrated that R.R. turned his truck around and pursued appellants' vehicle back into the yacht club parking lot, and R.R. initiated the confrontation with appellants based on his belief that Gregory ran him off the road. The testimony included acknowledgement of a physical confrontation. R.R. admitted he approached Gregory and Shannon, before they exited their vehicle, and accused Gregory

6.

of driving too fast around a curve, nearly running R.R. off the road, and when Gregory tried to exit his vehicle, R.R. testified he closed the door on Gregory while continuing to challenge him through the vehicle's open window. At this point, R.R. indicated, Gregory threw a punch and exited the vehicle, after which, R.R. admitted he fought with Gregory, characterizing it as a fight in which Gregory threw all the punches. R.R. also testified that Shannon jumped on his back and scratched his neck during the fight.

{¶ 18} J.R., however, acknowledged that R.R. had physical contact with Gregory but characterized this contact as "restraining" Gregory. J.R. also acknowledged having contact with Gregory, indicating she pushed Gregory, and he then swung at her.

{¶ 19} Gregory testified that he engaged with R.R. after R.R. blocked him, held the door closed, and reached into the car to strike Gregory. He then exited the vehicle to face R.R. Gregory also testified that he sustained injuries in the incident.

{¶ 20} Shannon stayed in the vehicle initially but got out to assist Gregory when she heard him screaming. She admitted she grabbed R.R. from behind to pull him off Gregory, because R.R. had Gregory pinned and was "[j]ust slamming him on the ground." Shannon first grabbed R.R.'s vest, and when that had no effect, she "tried to jump and like push him."

{¶ 21} The yacht club's surveillance cameras captured video of the two vehicles passing on the long drive from the parking lot and showed R.R.'s truck veer as it passed appellants' vehicle. The video also captured R.R.'s reversal and pursuit of appellants' vehicle back to the parking lot. The camera aimed at the gas dock captured audio only of

7.

the incident, with the voices of R.R., J.R., and Gregory and Shannon recorded, among others. The audio demonstrated the parties knew each other, as Gregory, R.R., and J.R. can be heard addressing each other by name. Based on the voices, both couples engaged in the confrontation, first involving R.R., J.R., and Gregory, and with Shannon joining after the initial minutes. The confrontation in the parking lot lasted from about 10:50 p.m. until 10:55 p.m., when others intervened to break up the fight.,

{¶ 22} The words exchanged by the parties were contentious. R.R.'s words were the most clearly recorded, and throughout the encounter R.R. challenged Gregory, saying things like "What are you going to do?" and "Say it again!" Once Gregory was out of his vehicle, J.R. called to her husband and shouted, "stop," "let go," and "knock it off." At some point, Gregory made an offensive comment about J.R., calling her R.R.'s "fat fuckin wife," and J.R. shouted, "Wow, you'll regret saying that motherfucker" and "fuck you, Greg."

{¶ 23} J.R. went for help in the bar and returned with others, who calmed things down. Gregory complained to these newcomers that R.R. rolled up on him and it was all on camera, asking that something be done. The club members, instead, indicated they wanted to "work things out," and can be heard trying to mediate and calm things down.

{¶ 24} Appellants argue that the record supported a self-defense claim, and trial counsel failed to preserve this defense by filing notice under Crim.R. 12.2. The state concedes this error.

8.

**{¶ 25}** "Reversal of a conviction or sentence based upon ineffective assistance of counsel requires satisfying the two-prong test set forth in *Strickland v. Washington,* [466 U.S. 668 (1984)]." *State v. Conway,* 2006-Ohio-2815, ¶ 95. Pursuant to *Strickland,* appellants must demonstrate deficient performance by trial counsel and that this deficient performance "prejudiced the defense so as to deprive the defendant of a fair trial." *Id.,* citing *Strickland* at 687.

**{¶ 26}** Trial counsel, in this case, failed to preserve the defense by filing notice according to Crim.R. 12.2. As a result, the trial court did not consider self-defense in entering judgment. Where the evidence demonstrates a defendant is entitled to a self-defense jury instruction, trial counsel is prejudicially ineffective in failing to request that instruction. *State v. Wilson,* 2024-Ohio-776, ¶ 29. Additionally, failing to preserve a potentially complete defense to the charges is an omission that could not be considered a trial tactic. *State v. Kole,* 92 Ohio St.3d 303, 306-307 (2001).

**{¶ 27}** Put simply, trial counsel's error caused the trial court to preclude consideration of self-defense, as a defense to the assault charges. Accordingly, we find Gregory Smith's first assignment of error and Shannon Smith's second assignment error well-taken. Because our finding on these assigned errors is dispositive of this appeal, we find appellants' remaining assignments of error are moot and, therefore, we decline to address them pursuant to App.R. 12(A)(1)(c).

9.

## V. Conclusion

**{¶ 28}** For these reasons, we find appellant Gregory Smith's first assignment of error and appellant Shannon Smith's second assignment of error well-taken and we reverse and vacate the April 3, 2024 judgment of the Toledo Municipal Court. We remand this matter to the trial court for further proceedings.

**{¶ 29}** The state is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment reversed,
vacated, and remanded.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Thomas J. Osowik, J.                        _____

                                               JUDGE

Christine E. Mayle, J.                     

                                  _____

Gene A. Zmuda, J.                            JUDGE
CONCUR.

                                  _____

                                               JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.