[Cite as *State v. Corrado*, 2024-Ohio-2575.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO


| | | |
|---|---|---|
| STATE OF OHIO, | : | APPEAL NOS. C-230635 |
| | | C-230636 |
| Plaintiff-Appellee, | : | TRIAL NOS. 23CRB-17796 |
| | | 23CRB-16870 |
| vs. | : | |
| ANTHONY CORRADO, | : | *O P I N I O N.* |
| Defendant-Appellant. | : | |


Criminal Appeals From: Hamilton County Municipal Court

Judgments Appealed From Are: Affirmed in Part, Reversed in Part, and Cause Remanded

Date of Judgment Entry on Appeal: July 5, 2024

*Emily Smart Woerner*, City Solicitor, *William T. Horsley*, Chief Prosecuting Attorney, and *Amber H. Daniel*, Assistant Prosecuting Attorney, for Plaintiff-Appellee,

*Raymond T. Faller*, Hamilton County Public Defender, and *David Hoffmann*, Assistant Public Defender, for Defendant-Appellant.

**BERGERON, Judge.**

{¶1}   Defendant-appellant Anthony Corrado appeals his two convictions for assault, arguing that the trial court admitted improper propensity evidence, that he acted in self-defense, and that the trial court erred in imposing his sentence.  But he fails to identify an impermissible propensity use of that evidence and, at his trial, was unable to produce the bare minimum amount of evidence to suggest that he acted in self-defense.  Nonetheless, the state concedes that the trial court erred in failing to merge his two convictions into a single conviction and sentence.  We agree and therefore must reverse the trial court's judgments and remand the cause for resentencing, but we affirm the judgments of the trial court in all other respects.

I.

{¶2}   In September 2023, Mr. Corrado entered a homeless shelter in downtown Cincinnati, seeking admission.  After he refused to complete the required intake forms, the shelter denied him access to the facility.  Mr. Corrado then lit a cigarette outside, reentered the lobby of the building, and laid down on the ground to rest, using a backpack as a pillow.  Soon after, he got up while an employee of the shelter urged him to leave the shelter lobby and exit the building.  An unidentified man then grabbed his backpack, and the employee placed her hand on Mr. Corrado and nudged him toward the front door.  Jason Brown, another employee of the shelter who witnessed the developing altercation, then entered the lobby and pointed him toward the front door.  Mr. Corrado recovered his backpack but refused to leave.

{¶3}   Mr. Brown then approached Mr. Corrado, placed his right forearm across Mr. Corrado's chest, and pushed him through the front door exit, at which time the other shelter employee also had her hand on his midsection urging him outward.

2

Once Mr. Corrado was partially outside the building but still standing in the doorway and holding the door open, Mr. Brown pushed him again in a similar manner with his left forearm across his chest, trying to move him away from the threshold of the building and the doorway. At that point, Mr. Corrado punched Mr. Brown in the jaw with his right fist, breaking his jaw in multiple places. His injuries required his jaw to be wired shut and led to the installation of three titanium plates. A police officer arrived and arrested Mr. Corrado.

{¶4} The state charged Mr. Corrado with two counts of assault against Mr. Brown, one in violation of R.C. 2903.13(A) (knowingly causing physical harm) and one in violation of R.C. 2903.13(B) (recklessly causing serious physical harm). At a bench trial, Mr. Brown testified that he witnessed Mr. Corrado become "irate" and "combative" with the employee working at the front desk. Mr. Brown entered the lobby to assist the other employee because "[Mr. Corrado] was unwilling to leave on his own accord." Mr. Brown testified that he then "approached Mr. Corrado with my arms up and out to try to get him, you know, as gently as I could, out the door." The court sustained hearsay objections to his testimony that "[Mr. Corrado] was asked multiple times to leave" and that another employee "had told [Mr. Brown] that he was not supposed to be here." But it admitted testimony from Mr. Brown that Mr. Corrado refused to complete intake paperwork, that he was therefore not allowed to stay in the lobby, and that he had wandered in and out of the shelter lobby throughout the morning.

{¶5} The responding police officer testified that Mr. Corrado was cooperative at the scene and suffered no visible injuries. During the officer's testimony, the state

entered three videos into evidence depicting the altercation and generally supporting Mr. Brown's description of the events.

{¶6} Concluding that Mr. Brown's contact with Mr. Corrado was "not unreasonable" and that the ensuing assault was "the worst form of the offense," the court found him guilty on both assault charges, finding specifically that each element of both offenses was met. It held that Mr. Corrado had not met his initial burden of production regarding self-defense and that a self-defense jury instruction would not have been warranted had the case been tried to a jury. Even "hypothetically" assuming that he satisfied his burden of production, the court said it would find that the state met its burden of disproving self-defense beyond a reasonable doubt.

{¶7} The court orally sentenced Mr. Corrado to 180 days in jail on the R.C. 2903.13(A) charge and explained that it was imposing the same sentence on the R.C. 2903.13(B) charge. It added that "I will be indicating that that sentence is merged into the [R.C. 2903.13(A) sentence]," and the sentencing entry on the R.C. 2903.13(B) charge declared that the sentence was merged into the sentence on the R.C. 2903.13(A) charge. However, the court's sentencing entries and the docket show a 180-day jail sentence for each of the two charges. The court did not allow the state to elect which of the charges it wished to proceed on for sentencing and instead sentenced Mr. Corrado on both charges. Mr. Corrado now appeals, presenting three assignments of error.

II.

{¶8} Mr. Corrado generally argues that the trial court erred by allowing Mr. Brown's testimony about his behavior leading up to his ejection, by rejecting his self-

defense claim, and by failing to merge the two counts for sentencing. We address each argument in turn and agree with Mr. Corrado regarding only the merger issue.

A.

{¶9} In his first assignment of error, Mr. Corrado challenges the court's decision to admit Mr. Brown's testimony about his behavior leading up to his ejection from the shelter, including comments that he was "irate" and "combative," arguing that the testimony constituted improper other acts evidence inadmissible under Evid.R. 404(B). Evid.R. 404 "generally bars evidence of other crimes, wrongs, or acts as pure propensity evidence—that is, when utilized to establish a person's character trait and their conformity in the present case with that trait." *State v. Sowders*, 1st Dist. Hamilton No. C-230153, 2023-Ohio-4498, ¶ 10, citing Evid.R. 404(B)(1); *State v. Curry*, 43 Ohio St.2d 66, 68, 330 N.E.2d 720 (1975). We typically review de novo whether evidence is offered for a permissible, nonpropensity purpose under Evid.R. 404(B), but Mr. Corrado acknowledges that he failed to object to the evidence below, rendering a plain error standard of review appropriate. *See Sowders* at ¶ 11. Thus, he "must show that an error occurred, that the error was plain, meaning 'obvious,' and that the error affected his 'substantial rights,' meaning it 'affected the outcome of the trial.' " *Id.*, quoting *State v. Barnes*, 94 Ohio St.3d 21, 27, 759 N.E.2d 1240 (2002); Crim.R. 52(B).

{¶10} But Mr. Corrado's argument hardly gets off the ground. He fails to articulate how the evidence was used for an improper propensity purpose, given that Mr. Brown's testimony about his behavior merely described the background conduct that led to his ejection from the shelter and the altercation that ensued when he resisted. Even if it were used for a propensity purpose, the other acts in question were

5

"part of the 'same transaction' as the crime for which the defendant is on trial" and were "part of 'a sequence of events' leading up to the commission of the crime in question." *State v. Hartman*, 161 Ohio St.3d 214, 2020-Ohio-4440, 161 N.E.3d 651, ¶ 41, citing Weissenberger, *Federal Evidence*, Section 404.18 (7th Ed.2019). Such evidence is typically admissible under Evid.R. 404(B) as "common-plan" evidence when it is " 'relevant as showing motive, and hence the doing of the criminal act, the identity of the actor, and his intention, where any of these is in dispute.' " *Id.* at ¶ 41, quoting McCormick, *Evidence*, Section 190, at 448-449 (2d Ed.1972). Here, evidence of Mr. Corrado's behavior leading up to his ejection from the shelter was certainly relevant to his motive for and intention in punching Mr. Brown—specifically, whether he acted in self-defense in doing so, which is the core of this dispute. It tends to show that he did not.

{¶11} We accordingly see no plain error here and overrule his first assignment of error.

B.

{¶12} Second, Mr. Corrado insists that the trial court erred in rejecting his self-defense claim. Before addressing the merits, we first identify some friction between how self-defense arguments under Ohio law are properly framed on appeal and how Mr. Corrado (and other recent defendants in his position) articulates his assignment of error. Under R.C. 2901.05(B)(1), a criminal defendant raising a self-defense argument bears an initial burden of production to show that "there is evidence presented that tends to support that the [defendant] used the force in self-defense." To meet this burden of production, the defendant must provide "legally sufficient evidence" for each element of self-defense, meaning "the defendant's evidence and any

6

reasonable inferences about that evidence would allow a rational trier of fact to find all the elements of a self-defense claim when viewed in the light most favorable to the defendant." *State v. Messenger*, 171 Ohio St.3d 227, 2022-Ohio-4562, 216 N.E.3d 653, ¶ 25. This burden resembles "the standard for judging the sufficiency of the state's evidence" in a run-of-the-mill sufficiency challenge to a criminal conviction. *Id.* Once the defendant satisfies his burden, the burden shifts to the state, which then must prove beyond a reasonable doubt that at least one of the elements of self-defense was not met. R.C. 2901.05(B)(1); *see Messenger* at ¶ 17, 26. In contrast to the sufficiency standard applying to the defendant's burden of production, "a manifest-weight-of-the-evidence standard of review applies to the state's burden of persuasion." *Messenger* at ¶ 26.

{¶13} In considering a self-defense argument on appeal, an appellate court reviews sufficiency determinations de novo but reviews manifest weight of the evidence determinations with a degree of deference to the trier of fact, meaning "we will only reverse if the trial court 'clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.' " *State v. Williams*, 1st Dist. Hamilton No. C-190380, 2020-Ohio-5245, ¶ 19, quoting *State v. Thompkins*, 78 Ohio St.3d 380, 387, 678 N.E.2d 541 (1997); *State v. Mitchell*, 2023-Ohio-2604, 222 N.E.3d 156, ¶ 15 (1st Dist.), citing *Thompkins* at 387-388 ("In order for [an appellate court] to second-guess the factfinder's adjudication of conflicting evidence, which we reserve for only the most exceptional circumstances, we must conclude that the evidence weighs heavily against conviction."). Therefore, when appealing a conviction on self-defense grounds, the defendant should typically address both sides of the coin: first, whether there existed legally sufficient evidence

to meet the defendant's burden of production (unless the state concedes the point), and second, whether the trier of fact lost its way in determining that the state disproved at least one of the elements of self-defense beyond a reasonable doubt.

{¶14} Although he primarily frames his argument in manifest weight terms, Mr. Corrado at least nominally challenges the trial court's burden of production conclusion in the body of his argument. We begin (and end) our analysis with his burden of production.

{¶15} The elements of self-defense for the use of nondeadly force are:

(1) the defendant was not at fault in creating the altercation; (2) the defendant had reasonable grounds to believe that she was in imminent danger of bodily harm; and (3) the only way to protect herself from the danger was using force and she did not use more force than was reasonably necessary to defend herself against the imminent danger of bodily harm.

*State v. Ridley*, 1st Dist. Hamilton No. C-210458, 2022-Ohio-2561, ¶ 15.

{¶16} Mr. Corrado maintains that even though the defense presented none of its own evidence, the state's video evidence credibly supports his self-defense claim. He is correct that he need not present his own evidence to meet his burden of production, *State v. Palmer*, Slip Opinion No. 2024-Ohio-539, ¶ 20, although that often renders a defendant's path to self-defense more arduous. But he still must be able to show at least *some* evidence "that tends to support" each element of his self-defense argument, which he fails to do on this record. *See* R.C. 2901.05(B)(1); *Ridley* at ¶ 37.

8

**{¶17}** The video evidence he relies on first showed an employee ushering Mr. Corrado out the door, indicating that he is no longer welcome in the lobby. Then, when Mr. Brown entered the lobby, he unequivocally pointed toward the door while facing Mr. Corrado, again instructing him to leave. Although the videos showed an unidentified man grabbing Mr. Corrado's backpack, no evidence was presented about how that interaction affected his altercation with Mr. Brown (and Mr. Corrado did not assault whoever grabbed the backpack). The evidence thus does not suggest that Mr. Corrado was not at fault in creating the altercation, even viewing it in a light most favorable to him; it instead demonstrates that he was not permitted to remain in the shelter and that he refused to leave before electing to assault Mr. Brown. *See State v. Shinholster*, 1st Dist. Hamilton Nos. C-230457 and C-230436, 2024-Ohio-1606, ¶ 22, citing *State v. Mitchell*, 2023-Ohio-2604, 222 N.E.3d 156, ¶ 17 (1st Dist.) ("Under the most recent amendments to R.C. 2901.09(B), a person does not have a duty to retreat before using force in self-defense if that person is in a place where they lawfully have a right to be.").

**{¶18}** Furthermore, the videos do not indicate that Mr. Corrado needed to protect himself from danger by using force or that the force he used was no more than was reasonably necessary. Although the videos show Mr. Brown shoving Mr. Corrado out the door (contrary to the trial court's conclusion), nothing shown indicates that Mr. Corrado needed to throw a punch at Mr. Brown's face to protect himself. The video evidence thus backs up what was established at trial—that Mr. Corrado was not allowed to remain in the lobby, that he refused to leave, and that Mr. Brown used reasonable force to remove him from the lobby. Without any other evidence presented that tended to support Mr. Corrado's self-defense argument, we agree with the trial

9

court that he failed to meet his burden of production, which obviates the need to explore his manifest weight argument. We therefore overrule his second assignment of error.

C.

{¶19} Last, Mr. Corrado asserts, and the state concedes, that the trial court erred in sentencing him on both charges of assault rather than merging them into a single sentence and thus a single conviction. We agree.

{¶20} Under R.C. 2941.25(A), "[w]here the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one." For the purposes of that statute, "a 'conviction' consists of a guilty verdict and the imposition of a sentence or penalty." (Emphasis deleted.) *State v. Whitfield*, 124 Ohio St.3d 319, 2010-Ohio-2, 922 N.E.2d 182, ¶ 24. Therefore, "[a] defendant may be indicted and tried for [and found guilty of] allied offenses of similar import, but may be sentenced on only one of the allied offenses." *Id.* at ¶ 17, citing *State v. Brown*, 119 Ohio St.3d 447, 2008-Ohio-4569, 895 N.E.2d 149, ¶ 42.

{¶21} Here, the trial court found Mr. Corrado guilty of one count of assault in violation of R.C. 2903.13(A), which criminalizes knowingly causing physical harm to another, and one count of assault in violation of R.C. 2903.13(B), which criminalizes recklessly causing serious physical harm to another. Seemingly understanding that Mr. Corrado's single assault of Mr. Brown constituted a violation of each of these statutes, rendering them allied offenses, the trial court indicated, both orally and on one of the two sentencing entries, that it intended to merge the counts into a single conviction. But the record reflects that it failed to do so and that Mr. Corrado was

sentenced to two, independent, 180-day jail sentences without allowing the state to select the charge on which to proceed with sentencing. *See id.* at ¶ 20-21, citing *Brown* at ¶ 16 ("The General Assembly has made clear that it is the state that chooses which of the allied offenses to pursue at sentencing, and it may choose any of the allied offenses."). In effect, the court cancelled its own declaration of merger by imposing two separate convictions—defined as a guilty finding and a sentence—on Mr. Corrado.

**{¶22}** We therefore sustain Mr. Corrado's third assignment of error, reverse the judgments of the trial court imposing two convictions on him, and remand the cause for resentencing with an instruction to permit the state to select which of the two allied offenses on which it wishes to proceed with a single sentencing.

*       *       *

**{¶23}** Ultimately, we overrule Mr. Corrado's first two assignments of error, sustain his third assignment of error, reverse the judgments of the trial court sentencing him on both assault offenses, and remand the cause for resentencing. We otherwise affirm the trial court's judgments in all other respects.

Judgments affirmed in part, reversed in part, and cause remanded.

**BOCK, P.J.,** and **ZAYAS, J.,** concur.

Please note:

The court has recorded its entry on the date of the release of this opinion.